UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY LEWIS,

        Petitioner,

                                    CASE NO. 2:06-CV-10557
v.                                    HONORABLE BERNARD A. FRIEDMAN

BARRY DAVIS,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

**I.    Introduction**

Anthony Lewis ("Petitioner"), a Michigan prisoner, has filed a *pro se* petition for writ of habeas corpus asserting that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to carrying a concealed weapon ("CCW"), felon in possession of a firearm ("felon in possession"), and possession of a firearm during the commission of a felony ("felony firearm") in the Wayne County Circuit Court in 2004. He was sentenced to concurrent terms of two to 10 years imprisonment on the CCW and felon in possession convictions and a consecutive term of two years imprisonment on the felony firearm conviction. In his pleadings, Petitioner raises claims concerning the legality of his arrest and prosecution under the Fourth Amendment, the effectiveness of trial counsel, and double jeopardy. For the reasons set forth below, the Court denies the petition for writ of habeas corpus.

**II.    Facts and Procedural History**

On September 22, 2004, Petitioner pleaded guilty to CCW, felon in possession, and felony firearm in the Wayne County Circuit Court pursuant to a plea and sentencing agreement

1

negotiated by defense counsel. In exchange for his plea, the prosecution dismissed charges pending against Petitioner in another case. At the time of his plea, Petitioner admitted that he possessed a handgun inside his pocket out of view on September 10, 2004 and that he had three prior felony convictions. He stated that he understood the plea agreement and was aware of the rights that he was foregoing by pleading guilty. He also indicated that he was pleading guilty of his own free will and had not been threatened or coerced, or promised anything other than what was contained in the plea agreement.

On October 7, 2004, Petitioner was sentenced to concurrent terms of two to 10 years imprisonment on the CCW and felon in possession convictions and a consecutive term of two years imprisonment on the felony firearm conviction, all of which would run consecutively to any imposed parole violation sanction, in accordance with the plea agreement.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting claims concerning double jeopardy and jail credit. The Michigan Court of Appeals denied the application for lack of merit in the grounds presented. *People v. Lewis*, No. 260732 (Mich. Ct. App. June 1, 2005). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claims,[1] which was denied because the court was not persuaded that the questions presented should be reviewed. *People v. Lewis*, 474 Mich. 957, 706 N.W.2d 742 (2005).

Petitioner thereafter filed the present habeas petition, asserting that: (1) his arrest was illegal due to lack of probable cause, (2) his prosecution was illegal due to lack of probable cause, (3) trial counsel was ineffective for waiving the formal reading of the complaint, waiving

---

[1]Petitioner also submitted a supplemental brief asserting claims regarding police misconduct, the denial of an evidentiary hearing, ineffective assistance of counsel, and his parole revocation, which was rejected for technical errors.

the preliminary examination, and failing to establish a record to protect his rights, and (4) his convictions for CCW, felon in possession, and felony firearm violate double jeopardy. Respondent has filed an answer to the petition contending that it should be denied because the claims are unexhausted and/or barred by Petitioner's guilty plea.

## III. Analysis

### A. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of §

3

2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

In this case, the Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented," but did not specifically address Petitioner's claims, and the Michigan Supreme Court denied leave to appeal without discussing the substance of those claims. Accordingly, this Court must conduct an independent review of the state court's decision. *See, e.g., Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. at 943. This independent review "is not a full, de novo review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id*.

**B.     Exhaustion**

As an initial matter, Respondent alleges that the petition should be dismissed because Petitioner has failed to properly exhaust his habeas claims in the state courts. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Even if Petitioner has not fully exhausted each of his habeas claims in the state courts, the Court declines to dismiss the petition on such a basis. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). The Court finds that the interests of justice would be best served by adjudicating Petitioner's habeas claims. Further attempts at exhaustion in the state courts are likely to be futile. Additionally, the unexhausted claims lack merit and may be denied on the merits despite the lack of exhaustion.

**C.     Illegal Arrest, Illegal Prosecution, and Ineffective Assistance Claims**

Petitioner asserts that he is entitled to habeas relief because the police lacked probable cause for arrest, his prosecution was illegal due to the lack of probable cause, and trial counsel was ineffective for waiving the formal reading of the complaint, waiving the preliminary examination, and failing to establish a record to protect his rights.

Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea, however, are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional

6

rights that occurred prior to the entry of the guilty plea. He may only attack the
voluntary and intelligent character of the guilty plea by showing that the advice
he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty generally waives any non-jurisdictional claims that arose before his plea. In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569. Petitioner does not dispute the knowing, intelligent, or voluntary nature of his plea in his habeas pleadings. His illegal arrest, illegal prosecution, and ineffective assistance of counsel claims are thus foreclosed by his plea, and habeas relief is not warranted on those claims.[2]

### D. Double Jeopardy Claim

Petitioner also asserts that he is entitled to habeas relief because his convictions for CCW, felon in possession, and felony firearm violate double jeopardy. Respondent appears to contend that this claim is also waived by Petitioner's guilty plea. As noted, a guilty plea normally forecloses all non-jurisdictional challenges to a conviction, and any subsequent collateral attack upon that plea is limited to an inquiry as to whether the plea was voluntarily and knowingly given. *See Broce*, 488 U.S. at 569. In the double jeopardy context, an exception to this rule exists when it is plain from the language of the charging document that no legally cognizable additional crime was charged to which the defendant could properly have entered a guilty plea. *Id*. at 576; *see also Menna v. New York*, 423 U.S. 61-62 (1975) (per curiam) ("[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the

---

[2]Additionally, to the extent that Petitioner attempts to assert a claim of malicious prosecution and a violation of his constitutional rights under 42 U.S.C. § 1983, he is not entitled to relief in this habeas case. Such a claim is more properly brought through the filing a civil rights complaint. The Court expresses no opinion as to the merits of any such action.

7

conviction was entered pursuant to a counseled plea of guilty."). In all other respects, any right to assert a claim of double jeopardy is waived by the entry of the plea. *Broce*, 488 U.S. at 576; *see also Ricketts v. Adamson*, 483 U.S. 1, 10 (1987) (double jeopardy defense may be waived by pretrial agreement).

In this case, consideration of the merits of Petitioner's double jeopardy claim does not appear to be precluded by his guilty plea because he challenges the State's right to prosecute him on multiple charges arising from one incident of weapon possession as set forth in the charging document. Furthermore, under Michigan law, a potential double jeopardy violation raises a jurisdictional-type issue that cannot be waived by a guilty plea, and may be considered on appeal despite the failure to preserve the issue with a conditional plea. *See People v. New*, 427 Mich. 482, 491-92, 398 N.W.2d 358, 361 (1986). Accordingly, the Court will address the merits of Petitioner's double jeopardy claim.

The Fifth Amendment to the United States Constitution commands that no "person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Double Jeopardy Clause provides three basic protections: "[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted). "These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense." *Shiro v. Farley*, 510 U.S. 222, 229 (1994) (citing *United States v. Wilson*, 420 U.S. 332, 339 (1975)).

However, in the context of multiple punishments, the Double Jeopardy Clause does not prohibit a state from defining one act of conduct to constitute two separate criminal offenses.

As the Supreme Court has explained, "[b]ecause the substantive power to prescribe crimes and determine punishments is vested with the legislature . . ., the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). Thus, "even if the two statutes proscribe the same conduct, the Double Jeopardy Clause does not prevent the imposition of cumulative punishments if the state legislature clearly intends to impose them." *Brimmage v. Sumner*, 793 F.2d 1014, 1015 (9th Cir. 1986). When "a legislature specifically authorizes cumulative punishments under two statutes, . . . a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983). In determining whether the Michigan legislature intended to authorize separate, cumulative punishments in the circumstances present here, the Court "must accept the state court's interpretation of the legislative intent for the imposition of multiple punishments[.]" *Brimmage*, 793 F.2d at 1015; *see also Hunter*, 459 U.S. at 368.

> The statute at issue is the felony firearm statute, which provides:
>
> A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223 [unlawful sale of a firearm], section 227 [carrying a concealed weapon], 227a [unlawful possession of a firearm by a licensee] or 230 [alternation of identifying marks on a firearm], is guilty of a felony, and shall be imprisoned for 2 years.

MICH. COMP. LAWS § 750.227b(1). The Michigan Supreme Court, in light of the language of this section and the legislative history, has concluded that "the Legislature's intent in drafting the felony-firearm statute was to provide for an additional felony charge and sentence whenever a person possessing a firearm committed a felony other than those four explicitly enumerated in the felony-firearm statute." *People v. Mitchell*, 456 Mich. 693, 698, 575 N.W.2d 283 (1998).

In *People v. Calloway*, 469 Mich. 448, 671 N.W.2d 733 (2003), the Michigan Supreme Court followed *Mitchell* and specifically ruled that "[b]ecause the felon in possession charge is not one of the felony exceptions in the statute, it is clear that defendant could constitutionally be given cumulative punishments when charged and convicted of both felon in possession, MCL § 750.224f, and felony-firearm, MCL § 750.227b." *Id*. at 452.

Additionally, the Michigan Supreme Court, reviewing the legislative intent underlying the CCW and felony firearm statutes, has concluded that "felony-firearm and concealed weapon offenses are distinct offenses which may be separately punished in a single trial when the concealed weapon offense is not the predicate of the felony-firearm offense." *People v. Sturgis*, 427 Mich. 392, 410, 397 N.W.2d 783 (1986); *see also People v. Dillard*, 246 Mich. App. 163, 170, 631 N.W.2d 755 (2001). In this case, the felony firearm conviction was predicated on the felon in possession charge, not the CCW charge, such that no double jeopardy violation has occurred. *See, e.g., People v. Poindexter*, No. 256477, 2005 WL 2897044 (Mich. Ct. App. Nov. 3, 2005) (finding no double jeopardy violation where defendant was convicted of all three offenses arising from one incident); *People v. Hamilton*, No. 249801, 2005 WL 1123608 (Mich. Ct. App. May 12, 2005) (same).

Given the foregoing cases, the state court's denial of relief is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law. Whether punishments imposed are constitutional is essentially a question of legislative intent, and a state court's determination that a state legislature intended multiple punishments is binding on habeas corpus review. *See Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989). The Michigan courts have concluded that convictions for CCW, felon in possession, and felony firearm (predicated on a felon in possession charge) do not violate double jeopardy. Because this determination is

binding on federal habeas review, Petitioner's double jeopardy claim lacks merit. *See Rodgers v. Bock*, 49 Fed. Appx. 596, 597 (6th Cir. 2002).

Further, even if this Court were free to independently determine whether the Michigan legislature intended to authorize separate punishments in the circumstances present here, the result would be the same. The Court concludes that the Michigan legislature intended to impose multiple punishments in the circumstances present here such that Petitioner's convictions do not violate federal double jeopardy protections. Habeas relief is not warranted on this claim.

**IV. Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.

        s/Bernard A. Friedman
        Bernard A. Friedman
        United States District Judge

Dated: August 15, 2007

I hereby certify that a copy of the foregoing document was served upon petitioner and counsel of record on August 15, 2007, by electronic and/or ordinary mail.

        s/Carol Mullins
        Case Manager